UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTONIO MARQUISE BREWER,

        Defendant.
_____/

Case No. 19-20826

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION TO DISMISS

**I.      BACKGROUND**

A complaint was filed against Defendant Antonio Marquis Brewer on July 10, 2019 alleging felon in possession of a firearm, possession of a firearm in furtherance of drug trafficking and possession with intent to distribute methamphetamine. (ECF No. 1) An arrest warrant was issued and Brewer made his initial appearance on October 21, 2019. He was appointed counsel under the Criminal Justice Act. (ECF No. 5) The Magistrate Judge entered an Order Scheduling a Detention Hearing and for Temporary Detention. (ECF No. 6) Brewer waived his rights under the Interstate Agreement on Detainers to remain in State custody serving a state sentence (ECF No. 10) on October 25, 2019 but also agreed to a Consented Order of Detention Pending Trial (ECF NO. 13) to the federal charge.

On December 12, 2019, an Indictment was filed charging Brewer with: Distribution of Controlled Substances, 21 U.S.C. § 841(a)(1) (Count One); Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(2) (Count Two); and, Possessing a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c) (Count Three). (ECF No. 12)

Brewer filed a Motion for Bond and Emergency Motion for Revocation of Detention Order and for Pretrial Release. (ECF Nos. 20, 25) The Court denied the motions. (ECF No. 29, 4/15/20) Brewer filed a Renewed Motion for Revocation of Detention Order on November 26, 2020. (ECF No. 48) A hearing was held on the motion on December 10, 2020. On July 7, 2020, Brewer filed a Motion to Suppress Evidence for Unlawful Search and Seizure and for Evidentiary Hearing. (ECF No. 33). Evidentiary hearings were held on May 4, 2021, which was continued to June 4, 2021.

This matter is now before the Court on Brewer's Motion to Dismiss for Violation of his right to a Speedy Trial. (ECF No. 73, 4/23/22). A response has been filed by the Government and a hearing held on the matter.

## II.    ANALYSIS

Brewer moves to dismiss the Indictment asserting violations of his speedy trial rights under the Sixth Amendment and the Speedy Trial Act.

    A.    **Speedy Trial violation under the Sixth Amendment**

The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established a four-factor test for determining whether a defendant has been denied the constitutionally guaranteed right to a speedy trial. *Barker* held that a court must consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530-32; *United States v. Sutton*, 862 F.3d 547, 558–59 (6th Cir. 2017). No one factor is dispositive. Rather, they are related factors that must be considered together with any other relevant circumstances. *Barker,* 407 U.S. at 533; *see also id*. at 522 (stating that the speedy-trial right is "amorphous," "slippery," and "necessarily relative"); *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982) ("The speedy trial right has an amorphous quality which requires courts to 'approach speedy trial cases on an ad hoc basis.' ") (quoting *Barker*, 407 U.S. at 530).

    1.    **Length of Delay**

"The first factor, length of the delay, is a triggering mechanism." *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). A one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors. *Doggett v. United*

3

*States*, 505 U.S. 647, 652 n.1 (1992). Unlike the Speedy Trial Act, which protects against delay from the time of indictment or appearance, the Sixth Amendment protects against delay from the time of *arrest* when it precedes the indictment or appearance. *See Dillingham v. United States*, 423 U.S. 64, 65 (1975) (measuring delay for Sixth Amendment claim from time of arrest and noting that "[i]nvocation of the speedy trial provision ... need not await indictment, information, or other formal charge").

Brewer was arrested on State charges and appeared pursuant to an Order with petition for Writ of Habeas Corpus ad Prosequendum for an October 21, 2019 initial appearance for the federal charge. The Sixth Amendment time line begins to run at the time of his initial appearance on October 21, 2019, instead of the date of arrest since the arrest was for the State charge and Brewer was brought in to face the federal charge while in State custody on October 21, 2019. At more than 31 months after Brewer first appeared on the federal charge, this delay is presumptively prejudicial and triggers the rest of the analysis under *Barker*.

    **2.**     **Reason for Delay**

"In assessing the second factor, the reason for the delay, the court considers who is most at fault—the government or the defendant." *Brown v. Romanowski*, 845 F.3d 703, 714 (6th Cir. 2017) (citing *United States v. Schreane*, 331 F.3d 548, 554

(6th Cir. 2003)). "Governmental delays motivated by bad faith, harassment or attempts to seek a tactical advantage weigh heavily against the government." *Id*. (quoting *Schreane*, 331 F.3d at 553). Negligence and unexplained delays weigh less heavily against the government, but remain relevant, "since the ultimate responsibility for such circumstances belongs to the government rather than with the defendant." *Id*. (quoting *Schreane*, 331 F.3d at 554 (quoting *Barker*, 407 U.S. at 531)). The government bears the burden of explaining the cause of the delay. *Id*. (citations omitted); *Sutton*, 862 F.3d at 559.

In its response, the Government in detail set forth the time line in this case, including the stipulations and orders entered into by the parties, the various motions and hearings before the Court and the ability of the Court to hold a trial due to COVID-19. The Government argues that the issue is not that there is a delay in ruling on Brewer's bond motion, but the delay in proceeding to trial. The Government claims the delays are not attributable to the Government since it had no control over the Court's trial schedule due to the pandemic, nor the delay in rulings on the pending motions.

After a review of the parties' arguments and time line in this case, the Court finds that the delays in this case are not attributable to the Government. Brewer and the Government agreed to several stipulations to hold a trial date, in light of the

COVID-19 pandemic and motions filed by Brewer. Since the Indictment was filed, the following motions were filed by Brewer: Motion for Bond (ECF No. 20, February 18, 2020); Emergency Motion for Revocation of Detention Order and for Pretrial Release (ECF No. 25, April 1, 2020); Motion to Suppress (ECF No. 33, July 7, 2020); Motion for Withdrawal of Brewer's Counsel (ECF No. 34, July 9, 2020); Renewed Motion for Revocation of Detention Order (ECF No. 48, November 26, 2020); Motion to file Supplemental Brief re Motion to Suppress Evidence (ECF No. 68, January 21, 2021); and the instant Motion to Dismiss for Violation of Speedy Trial under the Sixth Amendment (ECF No. 73, April 23, 2022). Because of Brewer's Motion for Withdrawal of counsel filed on July 9, 2020, the hearing for the Motion to Suppress was stayed until new counsel filed an appearance. The hearing on the Motion to Suppress was held on May 14, 2021 and June 4, 2021.

Based on the post-Indictment motions filed by Brewer, the Court's appointment of new counsel at Brewer's request, the ongoing COVID-19 pandemic which has affected jury trials all over the country, the Court finds that the Government did not engage in bad faith, harassment or attempts to seek a tactical advantage. The reasons for delay are "neutral" in that the delay has been caused by Brewer's motions and the COVID-19 pandemic. There is also delay in that the Court has nor issued orders on the pending renewed motion for bond and motion to suppress.

### 3. Defendant's assertion of right

"The defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32. "The more serious the deprivation, the more likely a defendant is to complain." *Id*. at 531. A five-year delay between arrest and trial did not create a constitutional violation if the defendant does not file a motion to dismiss for almost four years after an indictment which shows that a "did not want a speedy trial." *Id.* at 534.

In this case, Brewer asserted his right to a speedy trial when he filed the instant motion on April 23, 2022. At this time, although jury trials are now being held, the number of trials are limited in light of the ongoing COVID-19 pandemic. Brewer's assertion of his right is timely in light of the delay on ruling on his motions and is given great weight. Although Brewer has timely asserted his right to a speedy trial and given weight, that weight is not strong, in light of the current COVID-19 pandemic and this Court's limitation on jury trials.

### 4. Prejudice

The prejudice factor is assessed "in the light of" three interests: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern due to unresolved criminal charges, and (3) to minimize damage to the defense. *Barker*, 407

U.S. at 532. As to the prevention of pretrial incarceration, it is noted that Brewer was initially arrested and detained by State authorities. Although at this juncture, Brewer claims his State charges have now been resolved and apparently he is not subject to State incarceration, in light of the Court's previous ruling on his initial Motions for Bond, the Court finds that any pretrial incarceration is not "oppressive." The Court does not doubt that Brewer is anxious and has great concern over the instant unresolved charges. Regarding any damage to his defense, there is no prejudice to the defense, in light of Brewer's ability to file a Motion to Suppress, among other motions. It is noted that Brewer claims one of his witnesses is currently being treated for cancer, which could be an issue at trial. However, this witness, Precious Reynolds, was able to testify at the motion to suppress, and such testimony is available. After analyzing these interests, the Court finds that Brewer has not been prejudiced despite the delay to date.

Weighing all the factors, the Court finds that Brewer's Sixth Amendment right to a speedy trial has not been violated since the Government is not to blame for the delays in ruling on the two pending motions. Brewer did not raise any violation under the Speedy Trial Act in his motion.

### III. CONCLUSION

For the reasons set forth above and on the record, the Court finds that Brewer's

right to a speedy trial under the Sixth Amendment has not been violated.

Accordingly,

IT IS ORDERED that the Motion to Dismiss for Violation of his right to the Sixth Amendment right to a speedy trial (ECF No. 73) is DENIED.

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: July 27, 2022